IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICK L. BOYLES, AMY BOYLES, MELISSA HOOVER AND SCOTT LOWERY, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>HARLEY-DAVIDSON MOTOR COMPANY )<br>GROUP, LLC, )<br>)<br>Defendant. ) | Case No. 12-cv-298-MJR-DGW |

## ORDER

**WILKERSON, United States Magistrate Judge.**

This matter is before the Court on a discovery dispute on which this Court held a telephonic conference on January 29, 2013 (Doc. 25). Pursuant to that conference, the parties were directed to file Memoranda on the proper scope of discovery. Plaintiffs Rick Boyles, Amy Boyles, Melissa Hoover, and Scott Lowery filed their Memorandum on February 1, 2013 (Doc. 26), and Defendant Harley-Davidson Motor Company Group, LLC filed its Memorandum on February 1, 2013 (Doc 30). For the reasons set forth below, Plaintiffs' request for an Order clarifying the scope of discovery is **GRANTED**.

### BACKGROUND

Plaintiffs filed this lawsuit in response to a motorcycle collision injuring all four Plaintiffs (Doc. 35). Scott Lowery and Melissa Hoover were riding a 2010 Harley-Davidson Model FLHX Street Glide Motorcycle. Hoover, riding on the rear of the motorcycle, felt the seat detach and grabbed onto Lowery to stay on the motorcycle. Hoover's actions caused Lowery to lose control of the motorcycle, which crashed into a motorcycle ridden by Plaintiffs Rick Boyles

1

and Amy Boyles.

The parties have a dispute as to the proper scope of discovery regarding the seats and/or seat mechanisms.  In particular, Defendant argues that discovery should be limited to motorcycles with the exact seat configuration as the motorcycle in question.  Plaintiffs seek a more expansive set of discovery.  In light of this dispute, a conference was held on January 29, 2013, in which the parties were directed to file memoranda on the issue.  Plaintiffs state that Defendant has provided discovery materials that only relate to the 2009 FLHX model and the 2010 FLHX and FLTRX models because those were the only models that used the same seat assembly part as the motorcycle in question.  Plaintiffs argue that the motorcycle seat was defective due to the seat mounting mechanism and not the particular part used on the specific 2010 Harley-Davidson Model FLHX Street Glide Motorcycle.  They accordingly request that discovery be broadened to "motorcycles using a single mounting point connecting the rear of the motorcycle seat to the motorcycle body from the years 2001 through the present" (Doc. 26).

Defendant states that the materials provided in discovery, which concerned the 2009 FLHX model and the 2010 FLHX and FLTRX models, are the only relevant discovery materials. Defendant further states that production of information related to other models and/or platforms is irrelevant and will not lead to relevant and admissible evidence.[1]  Finally, Defendant states that expanding the scope of discovery is unduly burdensome.

---

[1] According to Defendant, models are a subset of platforms.  For example, the Touring platform contains four model types: FLHX, FLHTC, FLHR, and FLTRX.  There are presumably other types of platforms that also contain numerous models.

**DISCUSSION**

Federal Rule of Civil Procedure 26 contemplates expansive discovery of "any nonprivileged matter that is relevant to any party's claim or defense." FED.R.CIV.P. 26(b)(1). Rule 26 further states: "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* This standard is broad. Nevertheless, there are limits to discovery. The Supreme Court has held that there are "ultimate and necessary boundaries" to discovery. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). In *Oppenheimer*, the Court held that "discovery of a matter not 'reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1)." *Id.* at 351–52. Furthermore, the Seventh Circuit has held that "[a]lthough there is a strong public policy in favor of disclosure of relevant materials, Rule 26(b)(2) of the Federal Rules of Civil Procedure empowers district courts to limit the scope of discovery if 'the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.'" *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002).

In cases where a design defect is purported, "the plaintiff is entitled to an even broader scope of 'relevant' information during discovery, including defendant's documentation of competing and prior designs." *Lekkas v. Mitsubishi Motors Corp.*, 2000 U.S. Dist. LEXIS 12016, 8–9 (N.D. Ill. Aug. 15, 2000) (citing *In re: Aircrash near Roselawn, Indiana on October 31, 1994*, 172 F.R.D. 295, 303 (N.D. Ill. 1997); *Fine v. Facet Aero. Prods. Co.*, 133 F.R.D. 439, 442 (S.D.N.Y. 1990)). The plaintiff is entitled to a broader scope of relevant information because that party carries the burden of showing that the defendant knew about safer alternatives that were available to defendant at the time of the incident. *Id.* Similarly, the *Lekkas* court found

that "prior accidents involving different but similar products are relevant in products liability litigation to show notice to the defendant 'of the danger and cause of the accident.'" *Lekkas*, 2000 U.S. Dist. LEXIS at 9 (quoting *Roselawn*, 172 F.R.D. at 306).

Given that a plaintiff is entitled to broader discovery in design defect cases, Plaintiffs in this matter are entitled to expand "the scope of discovery to other Harley Davidson Motorcycles that utilizes [sic] a single mounting point to secure the motorcycle seat to the rear of the motorcycle body." Such information is relevant in light of the nature of this lawsuit and may lead to the discovery of other relevant evidence for the reasons stated above and in Plaintiffs' Memorandum. Plaintiffs, however, are only entitled to discovery on model years 2006 to 2010; they have failed to explain how information on previous model years would be relevant to their claims. Defendant is obligated to supplement discovery responses and provide future discovery responses in light of this holding. The parties shall meet and confer prior to the production of discovery to ensure that the discovery to be produced is in line with the discovery requested.

While Defendant argues that expanding discovery to include other platforms/models would impose a higher burden on it, it is unclear how production would be unduly burdensome. Defendant merely states that such discovery would "impose undue burden and expense" but fails to expand upon the nature of the burden and expense. Defendant also highlights that this expanded discovery will "yield a total vehicle population" in the hundreds of thousands but fails to explain how this number relates to the burdensome nature of discovery. In any event, it appears that the Touring platform is the only platform identified by Defendant that utilizes a single mounting point to secure the seat to the rear of the body.[2] Accordingly, the platforms

---

[2] From Defendant's attached exhibits, it appears that the Dyna and Sportster seats mount from the bottom middle of the seat rather than the rear (Doc. 30, pp. 8-9). Furthermore, the Softail platform utilizes two mounting points rather than only one (Doc 30, p. 10). It appears that there are ten or eleven models in the Touring platform (Doc. 28, pp. 1-2).

other than the Touring platform, and the models categorized under those other platforms, are beyond Plaintiffs' requested scope of discovery.

## CONCLUSION

For the foregoing reasons, Plaintiffs Rick L. Boyles, Amy Boyles, Melissa Hoover, and Scott Lowery are entitled to discovery related to other Harley-Davidson Motorcycles that utilize a single mounting point to secure the motorcycle seat to the rear of the motorcycle body for model years 2006 to 2010.

**DATED: April 8, 2013**

**DONALD G. WILKERSON**
**United States Magistrate Judge**